IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GERADUS GEORGE DHOOGE**                                                      **PETITIONER**

vs.                                            Case No. 4:25-cv-693-JM

**ANNA ELISABETH PRONKER**                                                 **RESPONDENT**

## ORDER

On August 14, 2025, the Court entered its order granting the petition of Geradus Dhooge's to order his son's return to Netherlands pursuant to the Hague Convention as implemented by the International Child Abduction Remedies Act (ICARA). (Doc. 18). Dhooge filed a motion for attorney's fees and costs on August 28, 2025 (Doc. 19), the response to which was due by September 11, 2025. Rather than file a response, Anna Elisabeth Pronker's attorneys, Kale L. Ludwig and Harry Warden, filed a motion to withdraw on September 10, 2025. (Doc. 21). No response has been filed to either motion.

### Motion to Withdraw

Pursuant to Local Rule 83.5(f), "[n]o attorney shall withdraw from an action or proceeding except by leave of Court after reasonable notice has been given to the client and opposing counsel." The trial court has discretion in deciding whether to grant a motion to withdraw. *See Fleming v. Harris,* 39 F.3d 905, 908 (8th Cir.1994).

In their motion to withdraw, Ms. Pronker's attorneys advise that their client emailed them saying she has retained substitute counsel and thus terminated their representation of her. They also advise that they have informed her of the pending motion for attorney's fees and costs as well as their motion to withdraw. They do not indicate the date and manner of service of these motions on their client or the date that she notified them she had retained substitute counsel. To

date, no other counsel has entered an appearance for Ms. Pronker.[1] The motion to withdraw is denied without prejudice at this time. If new counsel enters an appearance, present counsel can refile the motion. Ms. Pronker left the Netherlands without notifying her son's father or the Dutch court. She stopped responding to Mr. Dhooge at all. She did not file any responsive pleadings in this Court. Continued legal representation will assist with better communication between the parties and with the Court.

## Motion for Attorney's Fees and Costs

Pursuant to ICARA, any court ordering the return of a child under the Hague Convention is required to award fees and costs to the petitioner "unless the respondent establishes that such order would be clearly inappropriate." *Rydder v. Rydder*, 49 F.3d 369, 373 (8th Cir. 1995) (citing what is now 22 U.S.C. § 9007(b)(3)). The "clearly inappropriate" inquiry is fact-dependent and involves consideration of such factors as whether an award would significantly impair the respondent's ability to care for the child[2] and whether a respondent had a good faith belief that her actions in removing or retaining a child were legal or justified.[3] However, the burden of proof is on the losing respondent to overcome the presumption that an award of fees and costs is appropriate. As Petitioner has not responded to the motion for fees and costs, she has not established that the requested fees and costs would be clearly inappropriate.

In making an award, Court is guided by "the same general standards that apply when 'attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion.'" *Ozaltin v. Ozaltin,* 708 F.3d 355, 375 (2d Cir. 2013) (quoting *Fogerty v. Fantasy, Inc.,* 510 U.S.

---

[1] The Court does not know what fee arrangements counsel made with Ms. Pronker for their representation in this case, but they do not suggest that they have not been paid.

[2] *See Whallon v. Lynn,* 356 F.3d 138, 139-140 (1st Cir. 2004) (citing cases); and *Norinder v. Fuentes*, 657 F.3d 526, 536–37 (7th Cir. 2011).

[3] *See Ozaltin v. Ozaltin,* 708 F.3d 355, 375 (2d Cir. 2013); *Rath v. Marcoski*, 898 F.3d 1306, 1311 (11th Cir. 2018).

517, 534 (1994)). Mr. Dhooge attached the declaration of his attorney, Kathryn Platt, to his motion. (Doc. No. 19-pp. 5-9). Ms. Platt outlines her experience in cases of this type, including her membership in the Hague Convention Attorney Network since 1997 and twenty-eight years of handling or consulting on Hague cases. Her knowledge was apparent at the hearing on this matter. Based on its familiarity with fees customarily charged by experienced counsel that appear before it, the Court finds her rate of $450/hour reasonable.

    Ms. Platt also attached a detailed billing statement showing the time she spent on this case and costs incurred. Having carefully considered each of the line items billed, the Court finds them to be reasonable. While the total time she spent on this case was 89.5 hours, she voluntarily reduced her time by 22 hours (representing twelve hours of driving time from Fayetteville to Little Rock and ten work hours). She did not attempt to charge for any clerical or administrative expenses.  Her total fee request is $ 30,375.00. The Court finds this to be a reasonable award based on the lodestar method.[4] Her costs incurred include the $ 405.00 filing fee, $ 140.00 for service, $800.00 for the Dutch interpreter, and $268.80 for mileage. The total costs incurred total $ 1,613.80.   The Court awards the full amount of fees and costs requested, for a total of $31,988.80.

    In making this award, the Court considers that while the litigation was brief, it was expedited, intense, and international. Mr. Dhooge's counsel was required to significantly curtail her work on other cases from the time she accepted this case until its conclusion. It was not a close call for the Court to find that Ms. Pronker had wrongfully removed the parties' son from his place of habitual residence. While the parties had been extensively involved in visitation issues through the Dutch proceedings, Ms. Pronker chose to move their son to Arkansas without

---

[4] *See Bhattacharjee v. Craig*, No. 4:21-CV-00826-SEP, 2022 WL 2915545, at *5 (E.D. Mo. July 25, 2022).

a word to anyone. Finally, ICARA's fee-shifting provision is "intended not only intended to compensate the bearers of the expenses incurred but also to provide an *additional deterrent* to wrongful international child removals and retention." *Salazar v. Maimon*, 750 F.3d 514, 520 (5th Cir. 2014) (internal citation and quotation omitted.)

Conclusion

For the reasons stated above,

1. Petitioner's motion for fees and costs (Doc. No. 19) is GRANTED, and Petitioner is awarded $31,988.80 in attorney's fees and costs.

2. The motion to be relieved filed by Respondent's attorneys (Doc. No. 19) is DENIED without prejudice.

IT IS SO ORDERED this 27th day of October, 2025.

_____
United States District Judge